Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

J. Mark Smith (Admitted *Pro Hac Vice*)
msmith@pwhclaw.com
Darren Schwiebert (Admitted *Pro Hac Vice*)
dschwiebert@pwhclaw.com
PENDLETON WILSON HENNESSEY & CROW P.C.
1875 Lawrence St., Tenth Fl.
Denver, Colorado 80202
Telephone: (303) 839-1204
Facsimile: (303) 831-0786

Attorneys for PLAINTIFFS
1 ENERGY SOLUTIONS, INC. and
LEDUP ENTERPRISE, INC.

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 809102-1898
(303) 839-1204

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1 ENERGY SOLUTIONS, INC., a California corporation; and LEDUP ENTERPRISE, INC., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAS HOLIDAY, INC,, a British Virgin Islands corporation and Does 1 through 10<br><br>Defendants. | Case No. CV-13-5000 MWF (Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: October 6, 2014<br>Time:   10:00 am |
| NICOLAS HOLIDAY, INC,, a British Virgin Islands corporation,<br><br>Counterclaim –Plaintiff,<br><br>v.<br><br>1 ENERGY SOLUTIONS, INC., a California corporation; and LEDUP ENTERPRISE, INC., a California corporation, and Roes 1 through 10<br><br>Counterclaim-Defendants | |

{00393481.DOCX1}

Plaintiffs I Energy Solutions, Inc. and LedUp Enterprise, Inc. (collectively "LedUp") submit the following Memorandum of Points and Authorities in support of their Motion for Partial Summary Judgment:

## I.   <u>SUMMARY OF MOTION</u>

This motion addresses two arguments raised by Defendant Nicolas Holiday, Inc. ("Nicolas Holiday") in light of the Court's recent Claim Construction Order. Docket No. 56. First, this motion addresses Nicolas Holiday's contention that the Plaintiffs improperly broadened United States Patent No. 7,045,965 during the reissue proceeding that resulted in RE43,890. Second, as raised during the claim construction hearing by Nicolas Holiday, this motion addresses whether the '965 or '890 patents are invalid as indefinite under §112 and the recent June 2, 2014, Supreme Court decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 (2014).

In light of the Court's Claim Construction Order, Plaintiffs are entitled to summary judgment as a matter of law on both of these issues.

## II.   **UNDISPUTED MATERIAL FACTS SUPPORTING SUMMARY JUDGMENT**

Plaintiff's applied for the '965 Patent on January 30, 2004. *See* Statement of Undisputed Facts ("SUF") No. 1. On May 16, 2005, Primary Examiner Tuyet Vo of the Patent Office rejected claims 1, 2, and 4 (as well as other claims) under 35 U.S.C. 102(b) as being anticipated by Allen (US Pat. 6,461,019). SUF No. 2.

In response, the inventors filed "Amendment A" on November 18, 2005 amending the claims. In the "Remarks" section, the inventors disclosed what they were attempting to change by the amendment. SUF No. 3.

On February 5, 2006, Primary Examiner Tuyet Vo issued the notice of allowance. SUF No. 4.

On October 5, 2011, the inventors filed the reissue application. SUF No. 5. As stated in the Remarks/Arguments section:

PENDLETON, WILSON, HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 80912-1898
(303) 839-1204

Claim 2 has been amended to place claim 2 in independent form. The changes to claim 2 are changes in format. Claim 2 should not properly depend from claim 1, since the limitations of claim 2 alter the limitations of claim 1.

Claim 2 has been amended and re-written in independent form in order to properly place claim 2 in independent form. For the reasons set forth above, allowance of this re-issue application is respectfully solicited.

SUF No. 6. The proposed amended claim 2 simply re-wrote the originally filed claim 4 in independent form containing the limitations of originally filed claim1, claim 2, and claim 4. SUF No. 7.

The Reissue Application Declaration by the Assignee identified the mistake made in the original '965 patent:

Claim 2, as it appears in U.S. Patent 7,045,965, modifies claim 1 by stating that the LED's "are not selected to have different electrical characteristics." Claim 1, as it appears in the '965 patent, states "said light emitting diode having a second set of electrical characteristics that are different from said first set of electrical characteristics." Claim 2, as it appears in U.S. Patent 7,045,965, is different from, and conflicts with, the limitation in claim 1 in that the second set of electrical characteristics are different from the first set of electrical characteristics. This mistake occurred in Amendment A, filed on November 18, 2005, which claim 1 was amended to include the limitations of claim 3.

SUF No. 8.

On March 11, 2011, Primary Examiner Tuyet Vo, the same Patent Office Examiner as examined the original '965 Patent, provides the Office Action response from the Patent Office. SUF No. 9. Among other issues, Primary Examiner Tuyet Vo responded to the proposed change to claim 2 as "rejected for broadening the claims after two year statutory period." SUF No. 10. Specifically, Primary Examiner Tuyet Vo argued that:

Newly amended claim 2 is broader in scope than the original dependent claim 2 since "said second light emitting diode having a

PENDLETON, WILSON, HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 80902-1898
(303) 839-1204

second set of electrical characteristics that are different from said first set of electrical characteristics,…fails to conduct said current" (see original claim 1) has been deleted and amended the claim 2 in independent form.

SUF No. 11.

The reissue applicants responded on May 14, 2012.  SUF No. 12.  The May 14, 2012 response answered Primary Examiner Tuyet Vo's argument regarding broadening reissue by explaining:

By placing claim 2 in independent form, claim 2, as amended is not broader than claim 2 (as a dependent claim) in the '965 patent, but has simply been placed in the proper independent format, <u>so that claim 2 does not conflict with claim 1</u>. In other words, by placing claim 2 in independent form, the scope of claim 2 is not broadened, but rather, claim 2 is simply placed in a <u>proper independent format</u>. <u>Placing claim 2 in independent form simply eliminated the inconsistencies between claim 2 and claim 1, which does not result in broadening, since these limitations,  already existed in claim 2</u>.  Claim 2 as amended, simply places claim 2 in independent form, but does not broaden claim 2, as it is written, <u>since the conflicting limitations in claim 2, that were not consistent with claim 1, have been corrected.</u>

SUF No. 13.(underline in original).  Along with this argument, applicants provided the Affidavit of Donald M. Bartlett ("Bartlett Affidavit"). SUF No. 14.

On September 21, 2012, the applicant's argument that the reissue claims were *not* broadened was accepted by Patent Office and Primary Examiner Tuyet Vo, as applicants received a "Notice of Allowance." SUF No. 15.

On July 12, 2013, Plaintiffs filed this case alleging, among other thing, infringement of the '965 and '860 Patent.  *See* Docket No. 1. Previously, on April 1, 2013, Nicolas Holiday filed a declaratory judgment action in South Carolina seeking a declaration that the patents-at-issue are invalid and not infringed by Nicolas Holiday. SUF No. 16.  On LedUp's motion, the South Carolina Court dismissed the declaratory judgment complaint for lack of personal jurisdiction.  SUF No. 17.

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 80902-1898
(303) 839-1204

On September 5, 2013, Nicolas Holiday filed a motion to dismiss pursuant to Rule 12(b)(6) alleging, among other things, that the '890 Patent was in impermissible broadening of the '965 Patent. Docket No. 15.  The Court denied Nicolas Holiday's motion to dismiss on November 4, 2013. Docket No. 24.

Nicolas Holiday's *Corrected* Answer and Affirmative Defenses asserts that the '890 Patent is invalid because "[t]he original claims of the '965 Patent were impermissibly broadened more than two (2) years after issuance of the '965 Patent during the reexamination process, rendering the claims of the reissued '890 Patent invalid under 35 U.S.C. § 251."  Docket No. 30 at 7. The same allegation exists in Count II of Nicolas Holiday's *Amended* Counterclaim. Docket No. 33 at 6.

Without explanation or detail, Nicolas Holiday's First Affirmative Defense in the *Corrected* Answer and Affirmative Defenses alleges that "one or more claims of the '965 Patent and the reissued '890 Patent is and was at all relevant times invalid for failure to comply with one or more of the requirements of patentability specified in the patent laws of the United States, including §§ 101, 102, 103, and 112 of Title 35, United States Code.  Docket No. 30 at 6. Nicolas Holiday's Counterclaims do not allege invalidity based upon 35 U.S.C. § 112. Docket No. 33 at 4-5 & 5-6. Instead, the counterclaims only allege invalidity based upon 35 U.S.C. §§ 102(a), 102(b), 102(e), 102(g), and 103. *Id*.  Nicolas Holiday's answer to Interrogatory No. 2 seeking "all legal and factual basis for Defendants' claim that the Patents-in-Suit are invalid" also does not mention or reference 35 U.S.C. § 112.  35 U.S.C. § 112, ¶ 2 is the statutory basis for a claim for invalidity based on indefiniteness. *See* Schwiebert Decl., Ex. E.

On May 27, 2014, the parties simultaneously submitted their claim construction briefs. Docket Nos. 44 & 45.  Along with its motion, Plaintiffs filed the Declaration of E. Fred Schubert, Ph.D which identifies the understanding of the claim terms to one of ordinary skill in the art.  Docket No. 45-1. Pursuant to the agreement between the parties, Plaintiffs' brief also addressed the question of

PENDLETON, WILSON, HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 80902-1898
(303) 839-1204

whether the '890 patent was an impermissible broadening. Docket No. 45 at 12, 20. On June 2, 2014, the parties submitted their reply briefs. Docket Nos. 46 & 47.

The claim construction hearing was held on June 24, 2014. The Court issued its Claim Construction Order on July 9, 2014. Docket No. 56. According to the Court's Order, "[v]alidity issues are generally reserved for summary judgment, and the Court hesitates to grant summary judgment on Defendant's broadening reissue argument when the issue has not been fully briefed." *Id.* at 3. As set forth in the Order, the issue of resolving the broadening reissue and other validity issues was discussed during a telephonic conference on July 24, 2014. *Id.;* Docket No. 58.

This Motion is made following the conference of counsel Pursuant to L.R. 7-3 which took place on August 5, 2014 between Darren Schwiebert as counsel for Plaintiffs and William Klett as counsel for Defendant.

## III.   THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT REGARDING BROADENING REISSUE AND INDEFINITENESS

### A.   THE REISSUE  DID NOT BROADEN THE CLAIMS OF THE '965 PATENT

Based upon this Court's Claim Construction Order, the claims of the reissued '890 Patent have not been broadened from the '965 Patent.

#### 1.   Legal Standard

35 U.S.C. § 251(d) provides that "[n]o reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent."  Nicolas Holiday alleges that the '890 patent violates this requirement. Whether the claims of a reissue patent violate 35 U.S.C. § 251 is a question of law. *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 501 F.3d 1263, 1270 (Fed. Cir. 2007).

To evaluate Nicolas Holiday's § 251(d) claim, the Court must compare the construed claims of the reissue patent with the construed claims or the original patent.  *Id.*; *see also Hockerson-Halberstadt, Inc. v. Converse Inc.*¸183 F.3d 1369,

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 80910-1688
(303) 839-1204

1374 (Fed. Cir. 1999) (affirming district court ruling that claims were not broadened based upon claim construction).

The Federal Circuit has rejected Nicolas Holiday's proposed *per se* approach to determining whether the claims have been broadened.  *See Tillotson, Ltd. v. Walbro Corp.*, 831 F. 2d 1033, 1037 (Fed. Cir. 1987)  ("It does not summarily follow that the phrase "sole force," appearing in the original claim but omitted from reissue claim 8, automatically results in a broadening of the scope of the claims under section 251."); *see also Laitram Corp. v. NEC Corp.*, 952 F. 2d 1357, 1361 (Fed. Cir. 1991) (discussing *Tillotson*'s rejection of per se rule).

Finally, the fact that the same Principle Examiner specifically considered and then rejected the argument that the reissue broadened the claims is a factor to be considered with deciding whether Defendant satisfied its burden to establish broadening of the claims. *Forest Labs., Inc. v. Ivax Pharms., Inc.,* 438 F.Supp.2d 479, 499 (D. Del. 2006); *Boyett v. St. Martin's Press*, 884 F.Supp. 479, 485-86 (M.D.Fla. 1995) ("Finally, although not binding, the Patent Examiner's decision to allow reissue claim 4 despite the passage of more than two years is an additional factor supporting as finding that the Defendants have not met their burden by clear and convincing evidence.")

## 2.   Application of Legal Standard to Nicolas Holiday's Argument

This Court's Claim Construction Order held that Claim 2 of the '965 patent does not require that the second LED "hav[e] a second set of electrical characteristics that are different from the first set of electrical characteristics, such that the first [LED] carries substantially all of the current that is conducted through said light module, while said second [LED] remains unused until first [LED] fails to conduct said current." Docket No. 56 at 20.

Defendant provided only two arguments in its motion to dismiss to support its argument that the '890 patent is an impermissible broadening.  First, Nicolas

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10™ FL.
DENVER, COLORADO 80902-1898
(303) 839-1204

1   Holiday argued for a *per se* comparison of the words of the claims.  Docket No. 15

2   at 24-25.  This is the only argument made in Nicolas Holiday's Reply Brief.  Docket

3   No. 20 at 8.  However, this approach has been rejected by the Federal Circuit.

4   *Laitram*, 952 F.2d at 1361; *Tillotson*, 831 F.3d at 1037.

5         Nicolas Holiday's remaining argument involves a comparison of a potentially

6   infringing product to both claims.  As stated by Nicolas Holiday: "A light module

7   having two (2) diodes wired in parallel, each carrying a portion of the current would

8   not infringe claim 2 of the original '965 Patent, as that claim requires that one of the

9   diodes 'remains unused.' Such a light module would, however, infringe claim 2 of

10  the reissued Patent."  Docket No. 15 at 20.

11        In addition to the fact that Nicolas Holiday's hypothetical is inconsistent with

12  the Court's Claim Construction of the terms "carries substantially all of the current"

13  and "remains unused" in claim 1 of the '965 Patent, Nicolas Holiday's argument is

14  also incorrect in light of the Court's construction of claim 2 as not limited to the

15  requirement "that the first [LED] carries substantially all of the current that is

16  conducted through said light module, while said second [LED] remains unused until

17  first [LED] fails to conduct said current." Docket No. 56 at 20. Thus, the

18  infringement analysis under claim 2 of the '965 Patent and claim 2 of the reissued

19  '890 Patent would be the same.

20        Similarly, the issue of whether the '960 patent was a broadening reissue was

21  considered and rejected by the Primary Examiner during the reissue.  This provides

22  additional support for granting Plaintiff's motion for summary judgment.  *Forest*

23  *Labs.*, 438 F.Supp.2d at 499. ("Moreover, the Court's conclusion that the reissued

24  patent did not impermissibly broaden the original claims is further supported by the

25  fact that the examiner allowed the reissued patent more than two years after the

26  issue date of the original patent.") This case has the additional support as a result of

27  the original and the reissue proceeding being performed by the same Principle

28  Examiner.

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 80921-1898
(303) 839-1204

{00393481.DOCX1}                                          7

## B.   THE CLAIMS OF THE PATENTS-AT-ISSUE ARE NOT INDEFINITE

### 1.   Legal Standard

Indefiniteness is a question of patent validity based on 35 U.S.C. § 112, ¶ 2 which provides that a patent specification "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention."  The Supreme Court recently revised the legal standard for evaluating indefiniteness in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 (2014).

Prior to *Nautilus*, the Federal Circuit held that claims were indefinite if they were "not amenable to construction" or "insolubly ambiguous." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). In contrast, the petitioner in *Nautilus* argued that patent claims are indefinite if its scope is one "over which reasonable persons will disagree."  The Supreme Court rejected both tests.  Instead, the Supreme Court adopted a standard that § 112, ¶ 2 requires the "claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Id*. at 2129. The Supreme Court, however, did not apply this test to the claims at issue. *Id*. at 2131,

The test adopted by the Supreme Court was advocated by the American Intellectual Property Law Association (AIPLA) in its *Amicus Brief*. Schwiebert, Decl., Ex. F.  ("If that process of claim construction makes the claim's scope reasonably clear, the claim is not indefinite. Only if the claim is not understandable to one skilled in the art does indefiniteness exist.").  The AIPLA explained that the Federal Circuit's "insolubly ambiguous" shorthand had the potential to cause confusion where claims were subject to "equally reasonable alternative." *Id.* at 9. The Federal Circuit's "insolubly ambiguous" phrasing however, "is accurate if 'ambiguity' means uncertainty that exists from reading the claims alone, and the

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL
DENVER, COLORADO 80912-1898
(303) 839-1204

'solution' is consulting sources relevant to claim construction to discern the claim's clear meaning to a skilled practitioner." *Id.* at 8. Thus, the new standard does not constitute a significant departure from the previous test, but rather a wording change to avoid application of the shorthand terms in a way that might confuse district courts. *Id.* at 8-9  ("The problem is simply that the phrase 'not amenable to construction' when read in isolation, may erroneously focus a court or litigant on the mere ability to adopt a definition. . . . So while the 'insoluably ambiguous' shorthand is accurate in a sense, it too should be disapproved because of its potential to confuse.")

The Federal Circuit has only applied the new *Nautilus* in a single case – *Augme Techs, Inc v. Yahoo! Inc.*, 755 F.3d 1326 (Fed. Cir. 2014).  In *Augme*, the Federal Circuit affirmed the district court's determination that the claims are not indefinite because "the patent claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Id.* (quoting *Nautilis*, 134 S.Ct. at 2129).

### 2.   Application of the Legal Standard to the Claims In this Case

For each of the disputed claim terms, the Court's Claim Construction Order adopted a construction of how the term would be understood by one of skill in the art in light of the claims, specification, and file history.  Stated differently, the Court has already performed the task of determining whether the "claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty."

None of the constructions involved the Court picking between "equally reasonable alternatives" in light of the intrinsic evidence. Rather, in each construction, the Court adopted the construction that was supported by the intrinsic evidence as understood by persons of ordinary skill in the art at the time the invention was patented. The Court's conclusions are supported by the expert declarations submitted by Plaintiffs during claim construction.

PENDLETON, WILSON, HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL
DENVER, COLORADO 80912-1698
(303) 839-1204

**CONCLUSION**

Nicolas Holiday's broadening reissue and indefiniteness claims constitute distinct legal issues that were resolved by the Court's claim construction Order.  As such, the Court should grant summary judgment to Plaintiffs on those issues.

DATED: August 29, 2014

By: s/ Darren B. Schwiebert
       J. Mark Smith (*Pro Hac Vice*)
       Darren B. Schwiebert *(Pro Hac Vice)*
       Pendleton, Wilson, Hennessey & Crow, PC
       1875 Lawrence Street, 10th Fl.
       Denver, Colorado  80202-1898
       Telephone:  (303) 839-1204
       Facsimile:  (303) 831-0786

       Sean A. O'Brien
       sao@paynefears.com
       PAYNE & FEARS LLP
       4 Park Plaza, Suite 1100
       Irvine, California 92614
       Telephone:  (949) 851-1100
       Facsimile:  (949) 851-1212

       Attorneys for Plaintiffs
       1 ENERGY SOLUTIONS, INC. and
       LEDUP ENTERPRISE, INC.

PENDLETON, WILSON,
HENNESSEY & CROW, P.C.
1875 LAWRENCE STREET, 10TH FL.
DENVER, COLORADO 809102-1898
(303) 839-1204